### In re EASYSAVER REWARDS LITIGATION,

Josue Romero; Deanna Hunt; Kimberly Kenyon; Gina Bailey; Alissa Herbst; Grant Jenkins; Bradley Berentson; Jennifer Lawler; Daniel Cox; Jonathan Walter; Christopher Dickey, Plaintiffs–Appellees,

v.

Brian Perryman, Objector–Appellant,

v.

Provide Commerce, Inc.; Regent Group, Inc., a California Corporation, DBA Encore Marketing International; Encore Marketing International, Inc., a Delaware corporation, Defendants–Appellees.

No. 13–55373.

United States Court of Appeals, Ninth Circuit.

Submitted March 19, 2015.[*]

Filed March 19, 2015.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Before: REINHARDT and GOULD, Circuit Judges and MOTZ,** Senior District Judge.

ORDER AND MEMORANDUM ***

This case is resubmitted as of the date of this order.

Objector–Appellant Brian Perryman appeals the district court's approval of the class settlement agreement reached by Defendant–Appellee Provide Commerce, Inc., Defendant–Appellee Regent Group, Inc., d/b/a Encore Marketing International, and Plaintiffs–Appellees. Perryman contends that the district court abused its discretion in approving the settlement agreement and the attorney's fee award, because the $20 credit offered to the class was a coupon subject to the Class Action Fairness Act, 28 U.S.C. § 1712. Perryman further contends that the district court abused its discretion in approving the *cy pres* distribution.

This case was originally set for argument on February 2, 2015. That argument date was vacated, and submission was deferred pending resolution of *Frank v. Netflix*, No. 12–15705 +. On February 27, 2015, we decided *Frank v. Netflix (In re Online DVD–Rental Antitrust Litig.)*, No. 12–15705, 779 F.3d 934, 2015 WL 846008 (9th Cir. Feb. 27, 2015). Having reviewed the parties' submissions, we vacate the district court's judgment and remand for further proceedings consistent with *Frank*. Because class settlement is a package deal that must "stand or fall in its entirety," we need not now address whether the district court abused its discretion in approving the *cy pres* distribution. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir.1998). Pursuant to General Order 4.5(e), each party shall bear its own costs on appeal.

**VACATED AND REMANDED.**

** The Honorable J. Frederick Motz, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.